FILED

2010 Jan-19  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| BETTY HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:09-cv-01674-JEO |
| ) | |
| LIMBAUGH MOTORS, INC., ) | |
| d/b/a LIMBAUGH TOYOTA; and ) | |
| J. BRUCE LIMBAUGH, an individual, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., case in which the plaintiff, Betty Harper, seeks payment from her employer, defendants Limbaugh Motors, Inc., d/b/a Limbaugh Toyota, and J. Bruce Limbaugh (hereinafter collectively "Limbaugh"), for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b).  (*See* Complaint ("Compl."), Doc. 1).  It is now before the court on the parties' "Motion to Approve Joint Stipulation of Dismissal" ("Joint Mot.," Doc. 12).  The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).  For the reasons that follow, the court concludes that it can and does approve the parties' settlement and grants the motion to approve the joint stipulation of dismissal.

## DISCUSSION

The plaintiff alleges that she worked as many as 995 overtime hours during her employment with Limbaugh from January 5, 2007, through June 5, 2009, but was not paid overtime wages, as required under the FLSA, *see* 29 U.S.C. § 207.  (Joint Mot. at p. 3).

The FLSA provides that employees are generally entitled to receive overtime pay at one

and one-half times their regular rate for all hours worked in excess of 40 per week.  *See* 29 U.S.C. § 207(a)(1).  An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages.  29 U.S.C. § 216(b).  In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).  Therefore, the court requested that the parties provide information concerning the following matters: (1) whether any circumstances exist that might support or rebut that the plaintiff was exempt from, or otherwise not subject to, FLSA overtime requirements; (2) the number of overtime hours that the plaintiff claims to have worked; (3) the time period(s) for which the plaintiff claims she was not paid overtime; (4) the plaintiff's alleged regular rate of pay during the period(s) for which she seeks overtime; (5) circumstances that might tend to support or rebut a claim that the defendant's alleged violation was "willful," so as to extend the statute of limitations from two to three years, *see* 29 U.S.C. § 255(a); (6) the amount of overtime wages that the plaintiff is claiming in this action; (7) the nature of any

potentially disputed legal or factual issues; and (8) how the settlement is being allocated as between wages, the liquidated damages, and an attorney's fee.

The parties filed their Joint Motion, in which they addressed the areas listed above. Premised thereon, the court finds that during the relevant period, the plaintiff alleges that she worked a total of 995 overtime hours.  The plaintiff's alleged regular rate of pay was $13.25, and her base rate of pay was $11.00 per hour, plus commission.  Her unpaid overtime wages are estimated at $19,614.00.  The Joint Motion further demonstrates that several legitimate disputes exist, including: (1) whether the defendant failed to pay due overtime compensation; (2) the plaintiff's work schedule and average hours she worked per week; (3) whether the plaintiff worked through an established one hour meal period without compensation; and (4) whether the defendants willfully and/or recklessly violated the FLSA.  (Joint Mot. at p. 3).

The settlement amount, which is specified in the agreement, includes appropriate amounts for the disputed overtime pay.  (Joint Mot. at p. 4).  Also included is the agreed-upon attorney's fee, which the court finds to be reasonable.

Premised on the foregoing, the court finds the compromised settlement of this matter to be fair and reasonable under the circumstances.  Accordingly, the settlement is due to be approved and this matter dismissed with prejudice.  The court does, pursuant to the settlement agreement, retain jurisdiction to enforce the settlement if necessary.  *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994).

**DONE** this 19th day of January, 2010.

*John E. Ott*

**JOHN E. OTT**
United States Magistrate Judge

3